**In re SHELL OIL REFINERY.**

Robert ADAMS, Sr.

v.

**SHELL OIL COMPANY.**

Civ. A. Nos. 88–1935, 88–2719.

United States District Court,
E.D. Louisiana.

Nov. 5, 1992.

John J. Cummings, III, Liaison Counsel, Cummings, Cummings & Dudenhefer, New Orleans, La., for plaintiff.

Thomas J. Wyllie, Adams and Reese, New Orleans, La., for Shell Oil Refinery.

James F. Holmes, Christovich & Kearney, New Orleans, La., for Brown & Root U.S.A., Inc.

## ORDER AND REASONS

MENTZ, District Judge.

Defendant, Shell Oil Company, filed a motion seeking a protective order preventing the release of a statement made by a non-party witness, Jack Zewe, a transcript of a recorded conversation between Zewe and unknown others, and a computer printout of time records prepared by Zewe and provided by him to Shell at the time of his statement. Zewe and the Plaintiffs' Legal Committee (PLC) filed counter-motions to obtain these documents.

The PLC represents the claimants in this class action for compensatory and punitive damages arising out of the May 5, 1988, explosion at Shell's refinery in Norco, Louisiana. During the course of discovery, Shell discovered that the PLC had obtained proprietary documents belonging to Shell outside the discovery process. The PLC admitted that the documents had been purloined by a Shell employee who delivered them to the PLC. Through an internal investigation, Shell learned the identity of the employee-source—Jack Zewe. On October 1, 1992, Shell's attorneys took a 314-page, stenographically recorded statement from Zewe at the refinery. No other parties to this suit were present.

During the course of making his statement, Zewe provided Shell with a computer printout of time records he had prepared to document his time spent assisting the PLC. He also gave Shell a transcript of a conversation or conversations between himself and others whose identities are unknown to the Court at this time. After Shell's attorneys finished interrogating Zewe, Shell fired him.

One week later, Shell filed a motion for protective order in which it asked that the statement, transcript, and time records be filed under seal pending hearing on the motion for protective order. The Court reviewed the exhibits to the motion, including the 314-page statement, and determined that they should be maintained under seal until the motion is decided. The Court sealed the documents because Shell raised serious concerns about ethical misconduct on the part of the PLC, and the statement contained comments about sensitive personal matters involving some members of the PLC. The Court believed that caution was best advised in this situation and wanted to hear argument from all interested parties before releasing the statement.

Based on the contents of Zewe's statement, Shell filed a Motion for Evidentiary Hearing, to Disqualify the PLC, and to Exclude "The Fruit of the Poisonous Tree." The PLC contends that it needs the statement and other exhibits to defend itself against the ethical violations charged in the motion to disqualify. Zewe has not asserted any reasons for requesting his statement. Shell contends that Zewe's statement is protected from discovery because it is work product and potential impeachment evidence against the PLC.

The showing required for Zewe to obtain a copy of his own statement is different from that required for the PLC to obtain a copy of Zewe's statement. Generally, documents prepared by a party in anticipation of litigation or for trial are work product, which is discoverable only "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3). Non-parties, like Zewe, are exempt from having to make this showing to obtain a copy of their own

statement, notwithstanding the fact that the statement is a party's work product.

> Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. ... For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

*Id.* The Notes of The Advisory Committee state that Rule 26(b)(3) permits a non-party witness to obtain a copy of his own statement without any special showing.

■ Shell argues that the Court should use its discretion to postpone releasing the statement to Zewe until after he testifies at the proposed evidentiary hearing. The Court agrees that it has the power under Rule 26(c)(2) to enter a protective order in appropriate cases delaying production of a non-party witness's statement; however, that procedure would not be appropriate in the case at bar. The only reason Shell does not want Zewe to have his own statement is because he may turnaround and give it to the PLC. Shell's concern is not to test Zewe's memory of the facts, but to prevent the members of the PLC from viewing the statement in order to "concoct defenses" before they testify at the proposed evidentiary hearing. This is an insufficient reason to prevent Zewe from obtaining his own statement, and because the Court finds below that the PLC also is entitled to discover the statement, there is no reason before the Court to restrict Zewe's use of the statement.

■ As a party seeking to obtain a non-party's statement taken by another party for purposes of litigation, the PLC must overcome the work product privilege. Zewe's statement is the basis for Shell's claim that the PLC has committed ethical violations. At this time, it is the primary evidence offered to support Shell's motion to disqualify. Thus, Shell has placed the content of the statement directly in issue. In doing so, Shell seeks to use the statement in a manner that is inconsistent with maintaining the work product privilege. It is not necessary to find, however, that Shell has waived the privilege because the PLC meets the necessary showing to overcome it.

Because the statement contains the facts on which Shell bases its allegations of ethical misconduct, PLC cannot prepare its defense against Shell's allegations unless it has access to the statement. Although the PLC knows the nature and extent of its dealings with Zewe, it does not know what Zewe told Shell. The Court finds that the statement is relevant, that the PLC has a substantial need for it, and that they cannot obtain the substantial equivalent by other means.

■ In addition, the Court finds that Zewe's statement is not entitled to protection as potential impeachment evidence. The statement could not be used to impeach the PLC because it would be hearsay. Even if the statement were to be used for a proper impeachment purpose, Shell would have to disclose it prior to trial. The Court's Pre–Trial Notice provides that "exhibits to be used *solely* for impeachment purposes" (emphasis added) do not have to be disclosed if counsel obtains *ex parte* approval of the Court. Shell is not using Zewe's statement "solely" for impeachment purposes; Shell is using the content of the statement as the basis for its charges of ethical misconduct.

Having found that both Zewe and the PLC may obtain the statement, there is no reason to withhold the transcript of the recorded conversation or the time sheets, both of which Zewe discusses in his statement. In any event, Shell did not address why these documents should be subject to a protective order; the Court can discern no reason from the face of the documents, and they clearly do not constitute Shell's work product.

Accordingly,

IT IS ORDERED that:

1) Shell Oil Company's Motion for protective Order is DENIED.

2) Jack Zewe's Motion to Obtain Document Pursuant to Rule 26(b)(3) is GRANTED. Shell shall provide Zewe a copy of his statement not later than Friday, November 6, 1992.

3) The Plaintiffs' Legal Committee's Motion for Production of Shell Employee Source Statement and for Other Relief is GRANTED. The order sealing the exhibits to Shell's Motion for Protective Order (Doc # 2278) is VACATED.